

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00181-CR

---

JOHNNY LEE GIVAN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2330036

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Johnny Lee Givan pled guilty to possession of a controlled substance in an amount of one gram or more but less than four grams in a drug-free zone, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), 481.134(c) (Supp.). Pursuant to a plea agreement, the trial court found that the evidence substantiated Givan's guilt and placed him on community supervision for ten years. The State later alleged that Givan violated certain terms and conditions of his community supervision. After a revocation hearing, the trial court found the State's allegations true, revoked Givan's community supervision, and sentenced him to seven years' imprisonment. Givan appeals.

Givan's attorney has filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 6, 2026, counsel mailed to Givan copies of the brief, the motion to withdraw, and the appellate record. Givan was informed of his rights to review the record and

2

file a pro se response.  On February 6, we informed Givan that his pro se response was due on or before March 9.  By letter dated March 19, this Court informed Givan that the case would be set for submission on April 9.  We received neither a pro se response from Givan nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[1]

Charles van Cleef
Justice

Date Submitted: April 9, 2026
Date Decided: May 4, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.